## Case No. 8,102.

### LATHAM et al. v. BARNEY et al.

[10 Chi. Leg. News, 11; 4 Law & Eq. Rep. 459; 5 N. Y. Wkly. Dig. 145; 1 N. W. Rep. (O. S.) 173; 23 Int. Rev. Rec. 320; 2 Cin. Law Bul. 232.]

Circuit Court, D. Minnesota.   Aug. 24, 1877.[1]

RIGHT OF REMOVAL FROM STATE TO FEDERAL COURT—CITIZENSHIP—NECESSARY PARTY.

The right to a removal of a case from a state to a federal court, depends upon the condition of the alleged controversy as it appears at the time of the filing of the complaint, and where the right of removal is to be determined by the fact of one of the defendants being a necessary or unnecessary party. the complaint is what is to be looked to, to determine the question. and it is immaterial whether such defendant in its answer, accepts or declines the issues tendered.

[Cited in Donohoe v. Mariposa Land Co., Case No. 3,989.]

The plaintiffs [W. H. Latham et al.], one a citizen of Minnesota, and the other a citizen of the state of Indiana, sued the defendants [A. H. Barney et al.] in the district court of the county of Waseca, in the state of Minnesota. All the defendants, except the Winona & St. Peter Land Company, a corporation created by the legislature of Minnesota, being citizens of a different state from either of the plaintiffs, joined in a petition to that court for a removal of the suit into the federal court, stating that they desired to remove the same before the trial thereof, in pursuance of the provisions of law as contained in the act of congress, approved March 3, 1875 [18 Stat. 470], and that in this suit the controversy is, and the issues are, wholly between the plaintiffs and

[1] [Reversed in 103 U. S. 205.]

these petitioners; and that the Winona & St. Peter Land Company is not a necessary party to or in the trial or determination of the controversy, or issues, or any of them. The district court of Waseca county approved the bond tendered, and entered an order that it proceed no further. The suit has been properly docketed in the United States circuit court for the district of Minnesota, and a motion is now made to remand, for the reason that it has been improperly removed.

Gordon E. Cole, for the motion.
Wilson & Taylor, contra.

NELSON, District Judge. The removal is claimed under an act of congress approved March 3, 1875. If the defendant, the Winona & St. Peter Land Company is a necessary party to the controversy, the motion to remand must prevail, for there would not then be a controversy wholly between citizens of different states, and the removal is not asked by all the defendants, so that a solution of the question depends upon whether this defendant is such necessary party.

The plaintiffs charge in their complaint, that the defendants who have petitioned for this removal have defrauded them, and also withhold wrongfully, their money, and have conveyed or authorized to be conveyed a large amount of real property in which they claim an interest to the defendant, the Winona & St. Peter Land Company, which corporation with full knowledge of the fraud, and of all the facts in regard to the plaintiff's claim, accepted the property, and is selling the same, and refuses to recognize their rights. In the prayer for relief, they ask that this company account to them for their interest in the proceeds of lands sold, and, also, that it be decreed to convey to them the interest claimed in the lands unsold. Surely, then, it is not a formal, but an indispensable adverse party to the controversy, and this relief can only be granted by making it a party to the suit.

The counsel to sustain the removal lays stress upon the answer of the land company, which alleges "that it is unwilling to contend with the plaintiffs in this action, and if the matters at issue between them and its co-defendants are decided in favor of the former, it consents that the matters and facts established and proven against its co-defendants may and shall be considered as established and proven against it, and that judgment may be entered accordingly," etc. It is urged that this contingent admission of liability has eliminated the land company from any controversy with plaintiffs, and the suit, therefore, has been properly removed. I am not now required to decide upon the effect of this answer as a pleading. If the right to a removal of the suit existed at all, it depended upon the condition of the alleged controversy as it appeared when the complaint was filed, and is not controlled by the answer. The plaintiffs have set up a substantial claim against the defendant land company, and it was a matter of no consequence, and the right of removal did not rest upon the fact, whether it accepted or declined the issue tendered.

Motion to remand is granted.

[NOTE. The case was appealed to the supreme court by the individual defendants. Mr. Justice Harlan delivered the opinion of the court, reversing the judgment of the circuit court. He held that the proper construction of Act March 3, 1875 (18 Stat. 470), required a consideration, not of the form of the pleadings, but of the real matters of difference between the parties. The use of the words in the statute, "when, in any suit, there shall be a controversy which is wholly between citizens of different states," etc., recognizes that there may be several controversies in the same suit. The court will arrange the parties, without respect to the form of the pleadings, upon the different sides of the controversy or controversies in the suit; and if it is found that in the controversy, or any one of the controversies, the parties upon the different sides thereof are citizens wholly of different states, then the federal court has jurisdiction. The intention of the act, furthermore, was to cure the defect which existed in Act July 27, 1866 (14 Stat. 306). not cured by Act March 2, 1867 (Id. 558), allowing the splitting of causes. So that now, under Act March 3, 1875, a case which may properly be removed to the federal court because a controversy therein is "wholly between," etc., takes with it the whole cause. Applying these principles to the case at bar. the court holds that there is a separate and independent controversy between the plaintiffs and the individual defendants in which the land company has no part. There is at the same time another controversy with the land company. But the case, being within federal jurisdiction because of the first controversy, upon removal takes the second with it. 103 U. S. 205.]